IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRISTOPHER CHAD AUBREY, | § | |
|            Plaintiff, | § | |
| | § | |
| v. | § | 3:15-CV-2232-P-BK |
| | § | |
| LUPE VALDEZ, et al., | § | |
|            Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, Plaintiff's claims against Defendant Lew Sterrett Justice Center should be summarily dismissed as frivolous.

**I. BACKGROUND**

On July 6, 2015, Plaintiff filed a *pro se* complaint naming as Defendants Dallas County Sheriff Lupe Valdez, Parkland Health Care Provider at the Lew Sterrett Justice Center, unknown doctors and nurses at Lew Sterrett, and the Lew Sterrett Justice Center. Doc. 3 at 1 and 3. Plaintiff asserts Defendants were deliberately indifferent to a serious medical condition – namely a fractured left tibia and bone fragments lodged in his left knee -- while he was incarcerated at the Dallas County Jail from February 14, 2014 until July 25, 2014. Doc. 3 at 4. He requests compensatory and punitive damages. Doc. 3 at 4.

Contemporaneously with this recommendation, the Court orders the issuance of process to Sheriff Valdez and the Parkland Health Care Provider at the Lew Sterrett Justice Center.

1

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

Plaintiff may not sue a servient political agency or department, such as the Lew Sterrett Justice Center,[1] unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."); *Tilley v. Gonzalez*, No. 3:09-CV-2451-L-BH, 2010 WL 1541494, at *3 (N.D. Tex. Mar. 10, 2010) *recommendation accepted*, 2010 WL 1542181 (N.D. Tex. Apr. 15, 2010) (dismissing Lew Sterrett Justice Center because it was not a suable entity). Because Plaintiff seeks relief from an entity that is not subject to suit under section 1983, his claims against the Lew Sterrett Justice Center are frivolous and subject to dismissal.

Ordinarily, *Pro se* plaintiffs who name a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). In this instance, the Court gave Plaintiff such an opportunity by its *Magistrate Judge's Questionnaire*. In his response to the questionnaire,

---

[1] The Court takes judicial notice of the fact that the Lew Sterrett Justice Center does not enjoy a separate and distinct legal existence from Dallas County.

2

however, Plaintiff does not indicate whether he wants to pursue his claims against the Lew Sterrett Justice Center, Doc. 12 at 12, nor does he name any other defendant who may be subject to suit that is not already named in the complaint.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims against the Lew Sterrett Justice Center be summarily **DISMISSED** with prejudice as frivolous.  See 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A(b).

SIGNED August 18, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE